UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| MICHAEL JOHNSON <br><br> Plaintiff, <br><br> v. <br><br> JPL RECOVERY SOLUTIONS, LLC d/b/a API RECOVERY SOLUTIONS <br><br> Defendant. | CIVIL ACTION <br><br><br> COMPLAINT   2:18-cv-12260 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Michael Johnson ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, JPL RECOVERY SOLUTIONS, LLC d/b/a API RECOVERY SOLUTIONS ("Defendant," or "JPL") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Michigan Occupational Code ("MOC") at M.C.L. §339.901 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and all of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

### PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Eastern District of Michigan.

6. Defendant JPL is a New York corporation which "provides innovative debt collections services to leading financial institutions and loan providers. The products serviced include installment loans, short term loans and credit cards."[1]

7. JPL is engaged in the practice of collecting debts across the country using the telephone, including debts allegedly owed by consumers in the State of Michigan.

8. JPL is headquartered in Getzville, New York with its registered agent located at 1700 Rand Building, 14 Lafayette Square, Buffalo, New York 14203.

9. JPL is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephone to collect delinquent consumer accounts.

---

[1] http://jplrecoverysolutions.com/ (Last accessed on July 13, 2018.)

## FACTS SUPPORTING CAUSE OF ACTION

10. Sometime in 2016, Plaintiff began receiving calls from JPL attempting to reach another individual named Michael Johnson.

11. Upon receiving a voicemail message from JPL in 2016, Plaintiff called JPL back and spoke with an agent of JPL named Leslie.

12. Leslie informed Plaintiff that JPL was attempting to collect a debt from him personally.

13. Although Plaintiff vehemently denied owing the debt and further informed Leslie that JPL is contacting the wrong Michael Johnson, Leslie reasoned with Plaintiff that he was indeed the intended target of JPL's collection attempts since she had his name and phone number.

14. Plaintiff *never* provided his cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.[2]

15. Upon speaking with JPL, agents with whom Plaintiff spoke referenced the company names "API Recovery Solutions" and "Rushmore Financial." This caused Plaintiff to be confused and left him wondering why JPL was blatantly attempting to conceal its true identity.

---

[2] Upon information and belief, Defendant obtained Plaintiff's cellular telephone number from a credit report in which Defendant accessed through a method known as "skip-tracing," whereby debt collectors obtain phone numbers by conducting inquiries upon consumer credit reports or other public record searches.

16. In or around March 2018, Plaintiff spoke with an agent of Defendant who provided Plaintiff with a Social Security number that didn't belong to Plaintiff and further informed Plaintiff that the aforementioned Social Security number had been used to engage in fraudulent activity.

17. Plaintiff again advised JPL that he was not the intended Michael Johnson and stated that the Social Security number JPL provided did not belong to him.

18. Plaintiff further demanded that JPL cease placing calls to him.

19. Notwithstanding Plaintiff's demand, JPL continued to call Plaintiff, including calls to his work telephone number.

20. During another call later in March 2018, JPL informed Plaintiff that a case was filed against him for fraud, startling Plaintiff into believing that he was in trouble with the law.

21. In June 2018, JPL contacted Plaintiff yet again and Plaintiff spoke with an agent named Jennifer.

22. Michael informed Jennifer that JPL was contacting him on his work number and further demanded that these calls cease pursuant to the FDCPA.

23. Jennifer proceeded to state that she was well-versed in the FDCPA and further misinformed Plaintiff that such a demand for calls to cease must be in writing.

24. Prior to the contacts, Plaintiff had no relationship with or knowledge of Defendant.

25. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling him in a blatant attempt to pay a debt he does not owe.

26. In many of the phone calls that JPL placed to Plaintiff, Defendant failed to disclose its identity as a debt collector.

27. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

## DAMAGES

28. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being as Plaintiff could not determine the reason for Defendant's calls to his phone.

29. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, and anxiety.

30. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct, thus incurring costs and expenses.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

33. Upon information and belief, the alleged debt that Defendant was attempting to collect arose primarily for family, personal or household purposes, and thus is an alleged "consumer debt" as defined by FDCPA §1692a(5).

34. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

35. Defendant's telephone communications to Plaintiff were made in connection with a collection of an alleged debt.

36. Defendant used telephones to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

37. Defendant violated 15 U.S.C. §§1692d, e(2), e(5), e(11), e(14), f, g, g(a)(1), g(a)(2), g(a)(3), g(a)(4), and g(a)(5) through its unlawful collection practices.

    a. **Violations of FDCPA §1692d**

38. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by calling Plaintiff's telephone seeking to collect an alleged debt Plaintiff has no knowledge of. Moreover, Defendant continued placing the calls after Plaintiff demanded that the calls cease.

### b. Violations of FDCPA §1692e

39. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt. Plaintiff has no knowledge of the alleged debt and was falsely told that he owed the debt when he did not.

40. Defendant violated §1692e(5) by threatening to take legal action against Plaintiff for failure to pay the debt it was calling about. Defendant was not authorized to legally take such action as Plaintiff does not owe the subject debt and Plaintiff never incurred the subject debt.

41. Defendant violated §1692e(11) by failing to disclose its identity as a "debt collector" as required by the FDCPA in the phone calls it placed to Plaintiff's phone.

42. Defendant violated §1692e(14) by failing to disclose its true name as JPL during at least one of its collection attempts against Plaintiff. JPL has also identified itself as "API Recovery Solutions" and "Rushmore Financial" when attempting to collect the subject debt from Plaintiff.

### c. Violation of FDCPA §1692f

43. Defendant violated §1692f in that Defendant used unfair and unconscionable means to collect the alleged debt by placing phone calls to Plaintiff's telephone attempting to dragoon Plaintiff into paying a debt that he does not aware of.

### d. Violation of FDCPA §1692g

44. Defendant violated §1692g by failing to send Plaintiff the required 30-day validation notice within five days of its initial communication to Plaintiff stating:

  i. the amount of the debt pursuant to §1692g(a)(1);
  ii. the name of the creditor to whom the debt is owed pursuant to §1692g(a)(2);
  iii. Plaintiff's right to dispute the debt within 30 days pursuant to §1692g(a)(3);
  iv. Plaintiff's right to have verification of the debt or a judgment mailed to him pursuant to §1692g(a)(4); and
  v. Plaintiff's right to have the name and address of the original creditor, if different from the current creditor, mailed to him pursuant to §1692g(a)(5).

45. Upon information and belief, Defendant systematically attempts to collect alleged debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

46. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff MICHAEL JOHNSON requests that this Honorable Court:

  a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
  b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
  c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
  d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

47. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

48. Plaintiff is a "consumer" or "debtor" as defined by M.C.L § 339.901(f) as he is a person that is obligated or allegedly obligated to pay a debt.

49. Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

50. The alleged subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

    a. **Violations of M.C.L. § 339.915(f)(ii)**

51. The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

52. Defendant violated M.C.L. § 339.915(f)(ii) by repeatedly contacting Plaintiff's telephone absent consent regarding a debt Plaintiff never incurred and never owed. Any hypothetical lawful ability of Defendant to place the calls at issue was explicitly removed after plaintiff demanded that it cease calling him. As such, Defendant misrepresented its legal rights in placing the phone calls, as well as Plaintiff's legal rights to have such phone calls cease, by continuing to contact Plaintiff absent the lawful ability to do so.

### b. Violations of M.C.L. § 339.915(n)

53. The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

54. Defendant violated the MOC when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff while he was at work after he demanded that the calls stop. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands in an attempt to collect a debt he does not owe was harassing and abusive. Such contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and of the phone calls, especially after Plaintiff demanded that the calls stop, would naturally cause an individual to feel oppressed.

55. Plaintiff told Defendant that its calls to him were not welcome and were therefore inconvenient. As such, Defendant contacted Plaintiff at times and places which were known to be inconvenient to him regarding a debt he never incurred.

### c. Violations of M.C.L. § 339.915(q)

56. The MOC, pursuant to M.C.L. § 339.915(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

57. Defendant violated the MOC by failing to adequately have procedures in place designed to prevent a violation by its employee(s). Plaintiff demanded that Defendant stop calling him. Notwithstanding Plaintiff's clear request, Defendant continued calling attempting to collect a debt that evidently belongs to another individual named Michael Johnson. This demonstrates the lack of any procedures in place Defendant designed to address consumer requests that such phone calls are inconvenient and should cease. As such, Defendant has failed to implement procedures designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts.

58. Defendant's violations of the MOC were willful. Defendant was *repeatedly* notified by Plaintiff that he did not wish to receive any more phone calls regarding the debt he did not owe or for any other purpose. Yet, Plaintiff was still subjected to collection phone calls from Defendant. In a willful manner, Defendant called Plaintiff repeatedly notwithstanding his demands. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Michigan, further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MOC.

11

**WHEREFORE**, Plaintiff MICHAEL JOHNSON respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's collection activities toward Plaintiff to be violations of the MOC;

b. Enjoining Defendant from further contacting Plaintiff, pursuant to M.C.L. § 339.916(1);

c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2);

d. Awarding Plaintiff statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2);

e. Award Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2); ;

a. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: July 18, 2018                                   Respectfully Submitted,

/s/ Alexander J. Taylor
Alexander J. Taylor
*Counsel for Plaintiff*
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 x140
ataylor@sulaimanlaw.com

<u>/s/Ahmad T. Sulaiman</u>
Ahmad T. Sulaiman, Michigan Bar No. P82149
*Counsel for Plaintiff*
Admitted in the Eastern District of Michigan
Admitted in the State Bar of Michigan
Sulaiman Law Group, Ltd
2500 South Highland Avenue
Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 x124
asulaiman@sulaimanlaw.com