UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL JOHNSON,

    Plaintiff,                                       Case Number 18-12260

v.                                                    Honorable David M. Lawson

JPL RECOVERY SOLUTIONS, LLC,
d/b/a API RECOVERY SOLUTIONS,

    Defendant.

_____/

## OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

This matter is before the Court on the plaintiff's motion for default judgment. On July 18, 2018, the plaintiff filed his complaint alleging that the defendant violated the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*, and analogous provisions of Michigan state law, by harassing the plaintiff with numerous repeated phone calls over several years starting in 2016, attempting to collect a debt that was not owed by the plaintiff, misrepresenting the amount and character of the debt and the identity of the purported creditor and the defendant as its collection agent, failing properly to notify the plaintiff of his right to dispute the debt, and refusing to stop its incessant dunning after the plaintiff demanded that the defendant stop calling him. The complaint personally was served on the defendant's registered agent on July 22, 2018. *See* Certificate of Service dated July 23, 2018, ECF No. 4. The defendant has not answered or otherwise responded to the complaint, and the Clerk of the Court entered its default pursuant to Fed. R. Civ. P. 55(a) on October 23, 2018. The plaintiff then filed a motion for default judgment on November 16, 2018. The defendant did not respond to the motion and has not appeared or otherwise taken any action in this case since the complaint was filed.

I.

Because the defendant has failed to answer or otherwise respond to the complaint and the Clerk has entered default against it, the Court must accept all well pleaded factual allegations in the complaint as true. *Stooksbury v. Ross*, 528 F. App'x 547, 551 (6th Cir. 2013). The complaint alleges that defendant JPL Recovery Solutions, LLC is a debt collector with its headquarters in Getzville, New York. Some time in 2016, JPL began calling plaintiff Michael Johnson attempting to collect a debt that the plaintiff asserts was owed by another individual with the same name. The plaintiff spoke with the defendant's agent, told her that he did not owe any such debt, and demanded that the defendant cease contacting him. In March 2018, the plaintiff again was contacted by an agent of the defendant, who stated that a person named Michael Johnson, with a social security number that did not belong to the plaintiff, had "engage[d] in fraudulent activity." Compl. ¶ 16, ECF No. 1, PageID.4. The plaintiff again told the defendant that he did not owe the debt that the defendant was trying to collect and demanded that the defendant stop calling him. However, the defendant's agents continued calling the plaintiff at both his work and personal phone numbers. During one such call the defendant's agent told the plaintiff that a lawsuit had been filed against him to collect the debt. In June 2018, during yet another call, the plaintiff again told the defendant's agent to stop calling him, but she replied that his demand for the calls to cease "must be in writing." Compl. ¶ 23.

The plaintiff alleged that the defendant violated 15 U.S.C. § 1692d by repeatedly harassing him attempting to collect a debt that he did not owe. He also alleged that the defendant violated 15 U.S.C. §§ 1692e(2), (5), (11), and (14), by falsely asserting that he owed a debt that he never incurred, threatening to take legal action to collect the invalid debt, failing to disclose its identity as a debt collector, and misrepresenting its actual identity by placing calls using a variety of aliases to conceal its identity, such as "API Recovery Solutions" and "Rushmore Financial." The plaintiff

claimed that the repeated harassing and deceptive phone calls violated 15 U.S.C. § 1692f, which prohibits the use of unfair and unconscionable means to collect a debt. He also alleged that the defendant never notified him of his right to dispute the debt and to obtain written verification of the debt as required by 15 U.S.C. § 1692g. The plaintiff also pleaded parallel claims for violations of the Michigan Occupational Code provisions governing debt collectors, Mich. Comp. Laws §§ 339.915(f), (n), and (q), which imposes controls similar to those under the FDCPA on entities attempting to collect consumer debts. Finally, the plaintiff also alleged that the defendant "systematically attempts to collect alleged debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA." Compl. ¶ 45, PageID.8.

In his present motion, the plaintiff asks the Court to award him $1,000 in statutory damages under 15 U.S.C. § 1692k(a)(2)(A), $150 in statutory damages under Mich. Comp. Laws § 339.916(2), and attorney fees and costs of $3,607.92 under 15 U.S.C. § 1692k(a)(3). Taking the well pleaded allegations of the complaint as true, as it must, the Court now finds that the plaintiff has presented sufficient facts in his uncontroverted pleading to demonstrate his right to recovery of statutory damages and attorney fees under the pertinent statutes.

II.

"Congress enacted the FDCPA because of 'abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors' that 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.'" *Macy v. GC Services Ltd. Partnership*, 897 F.3d 747, 756 (6th Cir. 2018) (quoting 15 U.S.C. § 1692(a)). "Thus, the FDCPA's purpose 'is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices,' and to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Ibid.* (quoting S. Rep. No. 95-382, at 2 (1977); 15 U.S.C. § 1692(e)). "To advance these goals, the FDCPA codified several specific consumer-protective rights, including those in Section 1692g, which sets out requirements for a debt collector's 'initial communication with a consumer in connection with the collection of any debt,' including that the communication notify the consumer of the right to dispute the debt and to seek verification of the validity of the debt through written notice and request to the creditor." *Ibid.* (quoting 15 U.S.C. § 1692g(a)). The consumer may invoke some of the rights under section 1692b(a) orally and others in writing. *Id.* at 758 n.9 (citing *e.g.*, 1692g(a)(3) (oral notice), *c.f.*, 1692g(a)(4), (a)(5), and (b) (written notice)). "[T]he Act [also] bars debt collectors from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt,' 15 U.S.C. § 1692e, or using 'unfair or unconscionable means to collect or attempt to collect any debt,' *id.* § 1692f." *Wise v. Zwicker & Associates, P.C.*, 780 F.3d 710, 713 (6th Cir. 2015). "In each section, Congress provided a non-exhaustive list of examples of banned practices," *ibid.*, which include falsely representing the "character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2), threatening "to take any action that cannot legally be taken or that is not intended to be taken," *id.* § 1692e(5), failing to disclose in an initial written or oral communication with the debtor "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose," *id.* § 1692e(11), and using "any business, company, or organization name other than the true name of the debt collector's business, company, or organization," *id.* § 1692e(14).

Finally, the Act provides generally that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the

collection of a debt," 15 U.S.C.A. § 1692d, in particular by "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number," *id.* § 1692d(5).

"The FDCPA's enforcement provision, 15 U.S.C. § 1692k, states that 'any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person[.]'" *Anarion Investments LLC v. Carrington Mortgage Service, LLC*, 794 F.3d 568, 569 (6th Cir. 2015) (quoting 15 U.S.C. § 1692k(a)). For violations of the Act, the Court may award "any actual damage sustained" by the plaintiff and, "in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C.A. § 1692k(a)(1).

Section 339.915 of the Michigan Occupational Code (MOC) "prohibits licensed collection agencies from '[m]aking an inaccurate, misleading, untrue, or deceptive statement or claim in a communication' with a debtor." *Duffey v. Nationstar Mortgage*, 614 F. App'x 330, 333 (6th Cir. 2015) (quoting Mich. Comp. Laws § 339.915(e)). The plaintiff alleged that the defendant is a "collection agency" subject to the MOC, as that classification is defined under section 339.901 of the Code. *See* Mich. Comp. Laws § 339.901(b) ("'Collection agency' means a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another."). In terms similar to those of the FDCPA, the MOC also prohibits debt collectors from "[m]isrepresenting in a communication with a debtor . . . [t]he legal status of a legal action being taken or threatened [or] [t]he legal rights of the creditor or debtor," Mich. Comp. Laws § 339.915(f), "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor," *id.* § 915(n), and

"[f]ailing to implement a procedure designed to prevent a violation [of the pertinent statutory regulations] by an employee," *id.* § 915(q).

The enforcement provisions of the Code provide that in a civil action the Court may award "actual damages or $50.00, whichever is greater," and "[i]f the court finds that the method, act, or practice was a wilful violation, it may award a civil penalty of not less than 3 times the actual damages, or $150.00, whichever is greater and shall award reasonable attorney's fees and court costs incurred in connection with the action." Mich. Comp. Laws § 339.916(2).

The Court finds that the uncontroverted facts alleged in the complaint amply establish that the defendant failed or refused to notify the plaintiff of his rights under the FDCPA, repeatedly harassed him with phone calls demanding that he pay a debt that he never owed, at various unusual and inconvenient times, including while he was at work, improperly threatened to sue the plaintiff to collect the invalid debt, and misrepresented the plaintiff's legal rights by falsely stating that his repeated demands to stop the dunning calls were ineffective because they were not in writing. The Court finds that the defendant's deceptive, harassing, and oppressive conduct was wilful because it persisted in the violations even after the plaintiff repeatedly informed the defendant's agents that the debt was not owed by him and demanded that the calls cease. The Court finds that the maximum allowable statutory damages of $1,000 under the FDCPA and $150 under the MOC are reasonable compensation for those repeated wilful violations of the plaintiff's rights, and it also finds that the requested award of attorney fees and costs is reasonable and appropriate.

III.

Accordingly, it is **ORDERED** that the plaintiff's motion for entry of default judgment (ECF No. 7) is **GRANTED**, and a default judgment shall enter in favor of the plaintiff and against the defendant.

It is further **ORDERED** that the plaintiff shall recover of the defendant statutory damages in the amount of $1,000 under 15 U.S.C. § 1692k(a)(2)(A), $150 in statutory damages under Mich. Comp. Laws § 339.916(2), and costs and attorney fees in the amount of $3,607.92, for a total award of damages, costs, and attorney fees in the amount of $4,757.92.  The judgment shall bear interest as provided for by law from November 28, 2018.  A judgment in favor of the plaintiff and against the defendant separately shall enter.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date:  November 28, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 28, 2018.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI

---